IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:13-cr-499 (AJT) |
| ) | |
| GEORGE MARK JADUE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **MEMORANDUM OPINION**

Following the close of the Government's case-in-chief, the Defendant, George Mark Jadue, made an oral Motion for a Judgment of Acquittal pursuant to Fed. R. Crim. P. 29, which the Court denied as to Count I, granted as to Count II, and reserved as to Count III, charging an attempt to obstruct justice. Following the close of all the evidence, the Defendant renewed that Motion as to Counts I and III, which the Court denied as to Count I and granted as to Count III. The Court issues this Memorandum Opinion in further support for its Order [Doc. No. 69] granting Defendant's Rule 29 Motion as to Count III.

The Superseding Indictment alleges in Count III the offense of attempted obstruction of justice in violation of 18 U.S.C. § 1512(c)(2). That statute makes it unlawful for "whoever corruptly otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so." The Superseding Indictment alleges that the Defendant committed this offense on July 29, 2013, when he "contacted the Fraud Prevention Manager of the New Orleans Passport Center, a person with whom [Defendant] had worked in conducting visa fraud investigations, and asked the individual to pull sensitive passport information related to the DS Case Agent and the DS Case Agent's father." Doc. No. 11 at 6. It is further alleged that "at the time [Defendant] made the request, he knew that his law enforcement privileges were suspended and that he had no right

1

or need to request or receive the information." *Id.* The original Indictment was issued on December 19, 2013, and the Superseding Indictment issued on January 30, 2014. The Official proceeding is the present prosecution, and under 18 U.S.C. § 1512(f)(1), the conduct that constitutes the obstruction may precede the actual initiation of the official proceeding.

The Defendant's first position is that the Superseding Indictment fails to state an offense because it incorrectly states the crime as one of "corruptly attempt[ing] to obstruct, impede, and influence an official proceeding," rather than, an "attempt to corruptly obstruct, influence or impede," which the Court believes is the correct statement of the offense. Doc. No. 11 at 6. Nevertheless, the language of the Superseding Indictment is sufficient since it clearly states the offense charged and the facts relied upon are sufficiently stated to give the Defendant adequate notice of what he has been charged with and sufficient information upon which to raise a double jeopardy defense to a subsequent prosecution. *See United States v. Daniels*, 973 F.2d 272, 274 (4th Cir. 1992) ("An indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense.") (citing *Russell v. United States*, 369 U.S. 749, 763–64 (1962)). The Motion is therefore denied on that ground.

The Defendant's Motion must be granted, however, on the grounds that the Government has failed to adduce evidence sufficient to sustain a conviction for the offense of attempted obstruction of justice under 18 U.S.C. § 1512(c)(2). There is no statutory definition of the term "attempt." It has, however, been the subject of judicial interpretation and historically has been the subject of extensive jurisprudential debate, as the crime of attempt places in focus the two basic requirements of the criminal law – first that a crime must consist not only of an intent, the mens rea or the guilty mind element, but also a guilty act, the actus reus, or the external,

objective element of a crime. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 106 (2007) ("At common law, the attempt to commit a crime was itself a crime if the perpetrator not only intended to commit the completed offense, but also performed some open deed tending to the execution of his intent.") (internal quotations and citations omitted). In other words, it is not enough to intend a crime; that intent must be accompanied by conduct that is unlawful.

The crime of attempt, by definition, is not based on the conduct, or actus reus, that constitutes the substantive criminal offense whose commission was attempted, but other conduct remote from the actual commission of the underlying offense; and to that extent, the crime of attempt vitiates to a certain extent, the principle that it is not enough simply to intend a crime. *Id.* at 107 ("the mere intent to violate a federal criminal statute is not punishable as an attempt unless it is also accompanied by significant conduct."). For this reason, courts have placed limits on the extent to which conduct, not constituting the commission of an offense, will nevertheless constitute an attempt to commit that offense. In that regard, it is required that the crime of attempt be based on conduct that evidences, not only an intent to commit a criminal offense, but conduct so substantial a step towards completion of that criminal offense, that had that conduct been successful in its intended objective, it would have likely resulted in the completion of that criminal offense. *See United States v. Pratt*, 351 F.3d 131, 135 (4th Cir. 2003) ("An attempt to commit a crime, which is recognized as a crime distinct from the crime intended by the attempt, punishes conduct that puts in motion events that would, from the defendant's point of view, result in the commission of a crime but for some intervening circumstance."). In other words, the conduct that constitutes the attempt must bear such a relationship to the underlying offense that not only is the defendant's criminal intent sufficiently inferable, the natural consequence of his

conduct is that, if uninterrupted, the underlying criminal act or offense would have been committed.

Citing earlier Fourth Circuit cases, the Model Penal Code, and various treatises, the Fourth Circuit held in *Pratt* that, in order "[t]o establish that a defendant committed the crime of attempt, the government must prove that (1) the defendant had the requisite intent to commit a crime; (2) the defendant undertook a direct act in a course of conduct planned to culminate in his commission of the crime; (3) the act was substantial, in that it was strongly corroborative of the defendant's criminal purpose; and (4) the act fell short of the commission of the intended crime due to intervening circumstances." *Id.* at 135 (citing *United States v. Neal*, 78 F.3d 901, 906 (4th Cir.1996); *United States v. Sutton*, 961 F.2d 476, 478 (4th Cir.1992); *United States v. McFadden*, 739 F.2d 149, 152 (4th Cir.1984); Model Penal Code § 5.01(1)(c); and Clark and Marshall's Treatise on the Law of Crimes § 4.06 (Melvin F. Wingersky ed., 6th ed. 1958)).

The Fourth Circuit in *Pratt* also re-affirmed that basic principle, mentioned earlier, that mere preparation for the commission of a crime is not enough and does not constitute an attempt to commit a crime. 351 F.3d at 136. Rather, to become an attempt, the preparation must come so near the accomplishment of the crime that it becomes probable that the crime will be committed absent an outside intervening circumstance. *Id.* The Court further observed that, in order to determine whether conduct is mere preparation or an attempt, the Court must assess how probable it would have been that the crime would have been committed, at least as perceived by the defendant, had intervening circumstances not occurred. *Id.* In making that assessment, the direct, substantial act toward commission of the crime need not be the last possible act before its commission, but rather any substantial act in a progression of conduct that is meant to culminate in the commission of the crime intended. *Id.* In its 2012 decision in *U.S. v. Engle*, 676 F.3d 405

(4th Cir. 2012), the Fourth Circuit reaffirmed, in a somewhat different articulation, the principles stated in *Pratt* and the cases it relied on, including specifically, its 1996 decision in *U.S. v. Neal*, as well as the then-recent Supreme Court case of *Resendiz-Ponce*. *See* 676 F.3d at 419-420. Overall, the inquiry is fact intensive; and for that reason, the Court must, within the context of defendant's Rule 29 Motion, centrally consider whether any reasonable fact finder could find from the evidence, when viewed most favorably to the Government, the requisite level of proof of the required elements of an attempt. *Pratt*, 351 F.3d at 136.

Here, the evidence, when viewed most favorably to the Government, is that Agent Jadue called Mike Allen and requested sensitive information from the PIERS database concerning the DS Special Agent who was acting as the lead case agent on his case and her father, that he misrepresented why he could not access that information himself, and he did so at a time when he did not have law enforcement privileges. The evidence also is that Mr. Allen refused to provide any information once he knew that the person about whom Agent Jadue had requested information was a DS agent as well; and that as a result, Agent Jadue in fact received no information. The Government does not point to any other conduct on the part of the Defendant in support of Count III. In short, the entire case against the Defendant on this Count consists of two short phone calls within a 5 minute period, during which he made an unauthorized and unsuccessful request for information.

The Government's theory of attempted obstruction in this case relies centrally on the fact that the Defendant was not authorized to receive the requested information from Mr. Allen at the time he made his request and misrepresented why he was not able to obtain it directly himself from the database. The importance the Government places of this evidence is related to how it understands the elements of the crime of attempted obstruction under Section 1512(c)(2).

Under the Government's theory, the Defendant is guilty of attempted obstruction if he "corruptly attempts" to obstruct, influence or impede a criminal proceeding. In that regard, the Government argues that Defendant's improper attempt to obtain sensitive information is sufficient for a jury to find the Defendant guilty of an attempt to obstruct, influence or impede this prosecution since the evidence as to Defendant's lack of authority and misrepresentation as to why he was unable to access the information himself would allow the jury to conclude that the Defendant's attempt to obtain information was "corrupt."

First, the crime of attempted obstruction of justice is properly stated as an attempt to corruptly obstruct, influence or impede, not, as the Government would read it, a "corrupt attempt" to obstruct, influence or impede. *See* 18 U.S.C. § 1512(c)(2). These different articulations may be more semantic than substantive, but the Government's reading focuses the inquiry not on whether the conduct, if successful, would have resulted in the commission of the crime of obstruction, but rather on whether the conduct was itself improper or unlawful. In other words, it shifts the focus away from whether the Defendant's conduct, if successful, would have resulted in that substantive crime, to whether the actual conduct itself was wrongful, which is not an element of either the offense of obstruction or the offense of attempted obstruction.

Here, had Defendant's conduct been successful, the immediate result would have been nothing more than that the Defendant would have obtained information he was not entitled to have. Had the Defendant been charged with a crime that prohibited his obtaining without authorization the information he requested from Mr. Allen, his conduct would have clearly been sufficient to constitute an attempt. But he has not been charged with attempt to commit that type

of illegal access crime, but rather an attempt to obstruct an official proceeding.[1] Overall, the Government's theory of criminal liability therefore reduces to the proposition that Defendant's unlawful attempt to obtain the requested information sufficiently evidences his intent to use the information to obstruct an official proceeding and otherwise satisfies the requirement for a criminal attempt. But the inferences necessary to reach that conclusion are many and speculative.

First, while defendant's improper attempt to obtain information is sufficient to demonstrate his intent to obtain the requested information improperly or even unlawfully, that intent does not equate with the intent to commit an obstruction of justice. The intent reflected in his conduct is the intent to obtain information, not the intent to use to the requested information in a particular way or for a particular objective. Second, had the Defendant's attempt to obtain the information been successful, he would not, by virtue of the attempt's success, committed the crime of obstructing an official proceeding, or any element of that crime. In order to commit that offense, Agent Jadue would have needed to subsequently engage in a course of conduct, after his receipt of that information, that used the information he received in a particular way to affect this proceeding. In that regard, this is not a case where the evidence, viewed most favorably, necessarily, or even likely, demonstrates by the nature of the information requested, that defendant's request was the first step of a pre-arranged plan to obstruct an official proceeding. Likewise, there is nothing in evidence about the nature of the requested information that would allow the reasonable inference that its only value lay in its corrupt use to influence an official

---

[1] The Government conceded at oral argument on the present Motion, as it must, that had Defendant attempted to obtain, or in fact had obtained, the requested personal information through lawful, private means, such as through a private investigator, he would not have been guilty of criminal attempt to obstruct an official proceeding.

7

proceeding. In fact, one could just as easily conjure up any number of offenses in which the information could conceivably be used unlawfully.

As a matter of law, under the rubric articulated in *Pratt*, defendant's attempt to obtain information improperly (1) does not sufficiently reflect the requisite intent to commit the crime of obstruction of justice; (2) cannot reasonably be seen as a direct act in a course of conduct planned to culminate in his committing an obstruction of justice; (3) was not strongly corroborative of the a criminal purpose to obstruct, influence or impede an official proceeding; and (4) did not fall short of the commission of an obstruction of an official proceeding due to intervening circumstances, that is, Mr. Allen's refusal to provide the information. *See* 351 F.3d at 135. Here, all we have is an improper attempt to obtain information that might have somehow been used, as one of many possibilities, to commit an obstruction of an official proceeding. But based on the evidence presented, it would be necessarily speculative for a jury to conclude that the defendant would have progressed from obtaining the information to corruptly influencing this prosecution. In summary, there was nothing more than an unsuccessful attempt to obtain information, which if it had been successful, was, at most, in the nature of mere preparation, too remote from the actual commission of the crime whose attempt was charged.

For these reasons, the Court concludes as a matter of law that the evidence, when viewed most favorably to the United States, is insufficient to sustain a conviction for attempting to corruptly obstruct, influence or impede an official investigation under 18 U.S.C. § 1512(c)(2). Defendant's Rule 29 Motion for a Judgment of Acquittal as to Count III is therefore granted.

The Clerk is directed to forward copies of this Memorandum Opinion to all counsel of record.

/s/
_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
July 9, 2014